UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

DARNEL WALKER, JR.,

        Petitioner,

v.

DONALD CURLEY,

        Respondent.
_____/

Case No. 2:23-cv-164

Honorable Jane M. Beckering

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state court remedies. The Court will also deny Petitioner's motion (ECF No. 6) to stay these proceedings and hold his habeas petition in abeyance.

**Discussion**

I.    **Factual Allegations**

Petitioner Darnel Walker, Jr., is incarcerated with the Michigan Department of Corrections at the Newberry Correctional Facility (NCF) in Newberry, Luce County, Michigan. Following a jury trial in the Ingham County Circuit Court, Petitioner was convicted of one count of possession with intent to deliver methamphetamine, in violation of Mich. Comp. Laws § 333.7401(2)(b)(*i*), one count each of possession of less than 25 grams of cocaine and less than 25 grams of heroin, in violation of Mich. Comp. Laws § 333.7403(2)(a)(*v*), one count of carrying a concealed weapon, in violation of Mich. Comp. Laws § 750.227, one count of felon in possession of a firearm, in violation of Mich. Comp. Laws § 750.224f, and one count of possession of a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b. The trial court subsequently sentenced Petitioner as a fourth-offense habitual offender, pursuant to Mich. Comp. Laws § 769.12, to 78 to 480 months' imprisonment for the methamphetamine conviction, 60 to 240 months' imprisonment for the felon-in-possession and carrying a concealed weapon convictions, and 24 to 180 months' imprisonment for the possession of cocaine and heroin convictions. The trial court also imposed a two-year sentence for the felony-firearm conviction, to be served consecutively to the felon-in-possession sentence. Moreover, "all of [Petitioner's] sentences [were ordered to] be served consecutively under [Mich. Comp. Laws §] 768.7a(2) given his parolee status at the time he committed these offenses." *See People v. Walker*, No. 355259, 2022 WL 1594749, at *1 (Mich. Ct. App. May 19, 2022).

The Michigan Court of Appeals indicated that Petitioner's "convictions arise from the discovery of drugs and a firearm in a vehicle he was driving." *Id.* Although the court of appeals did not set forth a statement of the facts, the court did provide the following facts when discussing Petitioner's claim regarding the search of his vehicle:

2

> Ingham County Sheriff Deputy Nathan Olson testified that on March 1, 2019, at approximately 2:33 a.m., he saw a Chevrolet Impala traveling northbound on Aurelius Road. The vehicle's license plate light was inoperable. After Deputy Olson caught up to the vehicle, he "ran a query" on the license plate through the Law Enforcement Information Network (LEIN) system and learned that the vehicle had been reported as stolen. Therefore, he initiated a traffic stop, both because the license plate light was out and because of the information that the vehicle was stolen. [Petitioner], the sole occupant of the vehicle, said that the vehicle belonged to his girlfriend, Beverly Hicks, and that he was coming from her house. After [Petitioner] gave the key to Deputy Olson at his request, Deputy Olson returned to his vehicle and contacted the dispatch LEIN operator, who confirmed that the vehicle had been reported stolen. Deputy Olson handcuffed [Petitioner] and placed him in his patrol car.
>
> After other officers arrived at the scene, they searched the vehicle. They found a plastic grocery bag on the floor near the rear passenger side seat that contained 35 "bindles of suspected heroin" wrapped in lottery tickets.[2] An additional black duffel bag was found on the back seat, behind the driver's seat. The bag contained men's clothing, a handgun with a loaded extended magazine, and a bag containing a substance that field tested positive for methamphetamine. As the officers found these items, they placed them on the vehicle's trunk, in view of [Petitioner].
>
> [Petitioner] complained that he was having chest pains, so Deputy Olson called for an ambulance, which transported [Petitioner] to the hospital. There, a nurse discovered a bag concealed underneath [Petitioner's] underwear, near his groin, which contained both heroin and cocaine.
>
> ───────────────
>
> [2] At trial, Deputy Olson further testified that the bag also contained cut-up lottery tickets, baggies, a scale, a spoon, a plate, and cutting agents.

*Id.* at *1–2 & n.2.

Prior to trial, Petitioner filed a motion to suppress all the evidence discovered after the traffic stop, which the trial court denied. *Id.* at *1. Following sentencing, the trial court denied Petitioner's motion for a new trial. *Id.* Petitioner, with the assistance of counsel, then appealed to the Michigan Court of Appeals. In his counseled brief and a Standard 4 brief, Petitioner asserted the following claims: (1) the trial court erred by denying his motion to suppress; (2) the trial court denied him a fair trial by denying him the right to call certain witnesses; (3) the trial court erred by denying his request for a "mere presence" jury instruction; (4) the trial court erred by denying

3

his motion for a directed verdict with respect to the firearm and methamphetamine charges; (5) the trial court erred by allowing the prosecution to amend the information to add Counts 5 and 6, which related to the heroin and cocaine found on Petitioner's person at the hospital, without remanding the matter to the district court for a preliminary examination; and (6) the trial court erred by allowing Deputy Olson to provide expert testimony regarding street-level drug trafficking. *See id.* at *1–11. The court of appeals affirmed Petitioner's convictions and sentences on May 19, 2022. *See id.* at *1. The Michigan Supreme Court denied Petitioner's application for leave to appeal on October 31, 2022. *See People v. Walker*, 980 N.W.2d 706 (Mich. 2022).

On August 23, 2023, Petitioner filed the present habeas corpus petition. (ECF No. 1.) On September 26, 2023, Petitioner filed a motion to stay proceedings and hold his habeas petition in abeyance. In his petition, as supplemented by his motion to stay proceedings, Petitioner raises the following three grounds for relief:

I. [T]he state trial court violated the Fourth and Fourteenth Amendment constitutional rights to due process of law when the prosecutor deprived Petitioner of a prompt judicial hearing determination of probable cause hearing by a neutral magistrate before or after arrest, on counts five and six in the second amended information.

II. Trial counsel provided Petitioner Walker ineffective assistance of counsel when he failed to strike Juror Seven for cause or exercise a peremptory challenge to excuse the biased juror during voir dire, therefore, Juror Seven remained on the jury, denying Petitioner his Sixth and Fourteenth Amendment constitutional right to an impartial and unbiased jury.

III. The trial court denied Petitioner Walker his right to a unanimous jury verdict on his conviction for possession of heroin when the trial court did not provide the jury with a specific unanimity instruction. Alternatively, defense counsel was ineffective for failing to object to the instruction given and to request a specific unanimity instruction. Therefore, Petitioner was denied his Sixth and Fourteenth Amendment constitutional right to effective assistance of counsel.

(Br. in Supp. of Pet., ECF No. 1-1, PageID.10; Mot. for Stay, ECF No. 6, PageID.48, 50.) Petitioner acknowledges that he has failed to exhaust grounds II and III and seeks a stay of habeas

4

proceedings so that he can return to state court and file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 to raise these claims. (Mot. for Stay, ECF No. 6, PageID.49.)

**II.     Exhaustion of State Court Remedies**

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). As set forth above, Petitioner acknowledges that grounds II and III are unexhausted.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. To properly exhaust his claim, Petitioner must file a motion for relief from judgment

5

in the Ingham County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan*, 526 U.S. at 845; *Hafley*, 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'" (citation omitted)).

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002). Indeed, Petitioner has moved the Court to enter an order staying these proceedings and holding them in abeyance as contemplated in *Palmer* and *Rhines*. (ECF No. 6.)

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As noted above, the Michigan Supreme Court denied Petitioner's application for leave to appeal by order entered on October 31, 2022. *See People v. Walker*, 980 N.W.2d 706 (Mich. 2022). Petitioner did not petition the United States Supreme Court for certiorari. The one-year limitations period, however, did not begin to run until the 90-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The 90-day period expired on January 29, 2023. Petitioner, therefore, had one year from January 29, 2023—until January 29, 2024—to file his habeas petition. Petitioner filed this action on August 23, 2023.

The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332. Thus, so long as Petitioner's request for collateral review is pending, the time will not count against him. But, until he files his motion for relief from judgment and after the Michigan Supreme Court rules on his application for leave to appeal to that court, the statute of limitations will run. The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for

7

a petitioner to return to federal court after he has exhausted his state court remedies. *Palmer*, 276 F.3d at 781; *see also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

Petitioner has more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted and the Court will deny Petitioner's motion (ECF No. 6) for that relief. Instead, the Court will simply dismiss the petition for failure to exhaust available state court remedies. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

### III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court has concluded that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the

8

district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment dismissing the petition for failure to exhaust state court remedies, denying Petitioner's motion (ECF No. 6) for a stay of proceedings and to hold his habeas petition in abeyance, and denying a certificate of appealability.


Dated:     October 6, 2023                               /s/ Jane M. Beckering
                                                          Jane M. Beckering
                                                          United States District Judge